UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Shelia Hine**, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**OhioHealth Corporation,**<br><br>    Defendant. | No. _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Shelia Hine ("Plaintiff"), individually and on behalf of all other persons similarly situated, sues the Defendant, OhioHealth Corporation. (hereafter "OhioHealth" or "Defendant") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, Ohio Minimum Fair Wage Standards Act ("OMWFSA"), O.R.C. 4111.01, *et seq*. and Fed. R. Civ. P. 23 for OhioHealth's failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

2. Plaintiff, the Collective Members and the Class Members are current and former employees of OhioHealth. Plaintiff brings this action on behalf of herself and all similarly-situated current and former non-exempt hourly employees of OhioHealth.

3. Under the FLSA and OMWFSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek. OhioHealth failed to pay Plaintiff, the Collective Members and the Class Members one and one-half times their regular rate of pay

1

for all time they spent working in excess of 40 hours in a given workweek. Plaintiff therefore brings Class Action and Collective action Complaint pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) for OhioHealth's violation of federal and Ohio law as detailed further below.

4. Under the FLSA and OMFWSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their **regular rate of pay** for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215. OhioHealth paid Plaintiff, the Collective Members and the Class Members non-discretionary bonuses, but OhioHealth did not include these payments as part of Plaintiff's, the Collective Members' and the Class Members' regular rates of pay for the purposes of paying overtime.

5. Under the FLSA and OMWFSA, "[b]ona fide meal periods are not worktime. . . [t]he employee must be completely relieved from duty for the purposes of eating regular meals. . . [t]he employee is not relieved if he is required to perform any duties, whether active or inactive, while eating." *See* 29. C.F.R. § 785.19. OhioHealth violated the FLSA and OMWFSA by automatically deducting a thirty-minute meal break from each and every shift Plaintiff, the Collective Members and the Class Members worked in excess of six hours regardless of whether Plaintiff, the Collective Members and the Class Members were able to take a meal break, regardless of whether they were permitted to take a full thirty-minute meal break, and regardless of whether they were completely relieved from duty for thirty-minutes.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff ad the Collective Members occurred within this District.

8. At all relevant times, Plaintiff has been a resident of Athens County, Ohio and performed work for OhioHealth within the state of Ohio.

9. OhioHealth is headquartered in Columbus, Ohio.

10. OhioHealth regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

11. Plaintiff, the Collective Members and the Class Members in their work for OhioHealth were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## PARTIES

12. At all times material to the matters alleged in this Complaint, Plaintiff was an employee of OhioHealth

13. Plaintiff was employed by OhioHealth as a Licensed Practical Nurse ("LPN") from approximately May 10, 2019 through approximately October 14, 2022.

14. The Collective Members are all current and former non-exempt hourly employees who worked for OhioHealth in the United States at any point in the three years preceding the filing of this Complaint.

15. The Class Members are all current and non-exempt hourly employees who worked for OhioHealth in the state of Ohio at any point in the three years preceding the filing of this Complaint.

16. The Class and Collective Members are non-exempt from the OMFWSA and FLSA overtime requirements.

17. At all material times, OhioHealth Corporation was an Ohio corporation duly licensed to transact business in the State of Ohio.

18. Under the OMFWSA and FLSA, OhioHealth is an employer. At all relevant times, OhioHealth had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with OhioHealth. As a person who acted in the interest of OhioHealth in relation to the company's employees, OhioHealth is subject to liability under the OMFWSA and FLSA.

19. At all material times, Plaintiff and the Class and Collective Members were employees of OhioHealth as defined by the OMFWSA and FLSA, 29 U.S.C. § 203(e)(1).

20. At all material times, Plaintiff and the Class and Collective Members were a non-exempt employees under 29 U.S.C. § 213(a)(1).

21. Plaintiff has given her written consent to be named party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

## FACTUAL ALLEGATIONS

22. OhioHealth is healthcare enterprise consisting of "35,000 associates, physicians and volunteers, and a network of 12 hospitals, 200+ ambulatory sites, hospice, home health, medical equipment and other health services spanning 47 Ohio counties." *See* https://www.ohiohealth.com/about-us (last visited Nov. 9, 2022).

23. Plaintiff was employed by OhioHealth as a non-exempt, full-time, hourly LPN, working in OhioHealth's patients' homes as well as OhioHealth's brick and mortar facilities in the greater Columbus area and southern Ohio.

24. The Collective Members are all current and former non-exempt employees who worked for OhioHealth nationwide at any point in the three years preceding the filing of this Complaint. The Collective Members are non-exempt from the FLSA's minimum wage and overtime requirements.

25. The Class Members are all current and former non-exempt employees who worked for OhioHealth in Ohio at any point in the three years preceding the filing of this Complaint. The Class Members are non-exempt from the OMFWSA's overtime requirements.

26. At all relevant times, Plaintiff was compensated on an hourly basis at a rate of approximately $24.59.

27. In her work for OhioHealth, Plaintiff routinely worked in excess of forty hours in a given workweek.

28. During each and every workweek, Plaintiff, the Class and Collective Members were paid on an hourly basis.

29. At all relevant times, Plaintiff, the Collective Members and the Class Members were subject to OhioHealth's enterprise-wide Break and Meal Policy. A true and complete copy of that policy is attached hereto as Exhibit "B" and incorporated as if fully rewritten herein.

30. Pursuant to OhioHealth's enterprise-wide Break and Meal Policy, Ohio Health automatically deducts a thirty-minute meal break for each and every shift worked by Plaintiff, the Collective Members and the Class Members of six-hours or more.

31. OhioHealth made this automatic 30-minute deduction from Plaintiff's, the Collective Members' and the Class Members' pay regardless of whether they were actually permitted to take a meal break, regardless of whether they were permitted to take a full thirty-

minute meal break, and regardless of whether they were completely relieved from duty for thirty-minutes.

32. The job demands of Plaintiff, the Collective Members and the Class Members routinely foreclosed their ability to take any meal break, prohibited them from taking a full thirty-minute meal break, or prohibited them being completely relieved from duty for thirty-minutes.

33. Nevertheless, OhioHealth automatically deducted thirty minutes from every shift of six hour or more worked by Plaintiff, the Collective Members and the Class Members, thereby denying them lawful minimum and overtime wages.

34. Upon information and belief, prior to December 11, 2021, OhioHealth utilized a cloud-based software platform branded "Kronos" for OhioHealth's timekeeping and payroll functions.

35. On or around December 11, 2021, Kronos was "hacked" resulting in an indefinite suspension of timekeeping and payroll functions on behalf of its clients, including Marriot. *See* https://www.npr.org/2022/01/15/1072846933/kronos-hack-lawsuits (last visited Nov. 9, 2022).

36. Following the Kronos data breach, OhioHealth switched to alternative methods of keeping time records and making payroll including traditional paper time sheets.

37. OhioHealth's alternative timekeeping and payroll efforts were ultimately deficient, resulting in Plaintiff and the Collective Members not being paid whatsoever for hours worked in violation of the minimum wage requirements of 29 U.S.C § 206 and not being paid one- and one-half times their regular rate of pay in violation of the overtime requirements of 29 U.S.C. § 207.

38. At all relevant times, OhioHealth failed to keep accurate time records and failed to accurately and timely pay all minimum and overtime wages required by the FLSA and OMFWSA.

39. At all relevant times, OhioHealth paid Plaintiff, the Collective Members and the Class Members different categories of non-discretionary bonuses, including but not limited to, the Biometric Screening Incentive, the Living Ohio Healthy Incentive, the Tobacco Free Incentive, the Inspire Award, the Staff Bonus, the Associate Recognition Bonus, and other non-discretionary bonuses.

40. However, OhioHealth does not include these non-discretionary bonus payments in Plaintiff's, the Collective Members' and the Class Members' regular rates of pay for the purpose of computing the overtime rate paid. As a result, OhioHealth has violated to overtime provisions of the FLSA and OMFWSA.

## **COLLECTIVE ACTION ALLEGATIONS**

41. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

42. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as a representative of individuals similarly situated who are current or former non-exempt hourly employees employed by OhioHealth.

43. OhioHealth subjected all of their non-exempt hourly employees, including Plaintiff and the Collective Members, to their policy and practice of failing to pay for all hours worked and improperly calculating overtime rates in violation of 29 U.S.C. §§ 206 and 207.

44. Plaintiff's claims stated in this Complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

45. The Collective Members perform or have performed the same or similar work as Plaintiff.

46. OhioHealth's failure to pay minimum wage and overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiff or the Collective Members.

47. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by OhioHealth that caused harm to all of the Collective Members.

48. As such, Plaintiff brings these FLSA claims as a collective action on behalf of the following class:

> **All of OhioHealth's current and former non-exempt hourly employees who worked for OhioHealth at any time from three years preceding the filing of this Complaint to the present.**

49. OhioHealth's unlawful conduct, as described herein, is pursuant to OhioHealth's corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

50. OhioHealth is aware or should have been aware that federal law prohibited them from not paying Plaintiff and the Collective Members all minimum wage and overtime as detailed herein.

51. OhioHealth's unlawful conduct has been widespread, repeated, and consistent.

52. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

8

53. Upon information and belief, the individuals similarly situated to Plaintiff includes thousands of non-exempt hourly employees currently and/or formerly employed by OhioHealth. Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in OhioHealth's possession, custody, or control, but it can be readily ascertained from their employment records.

54. Notice can be provided to the Collective Members by First Class Mail to the last address known to OhioHealth, via email at the last known email address known to OhioHealth and by text message to the last known telephone number known to OhioHealth.

## OHIO RULE 23 CLASS DEFINITIONS AND ALLEGATIONS

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56. Plaintiff brings Claims for Relief for violation of Ohio wage and hour laws as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiff brings these claims on behalf of herself and all members of the following class comprised of:

57. **Rule 23 Class**

    **The Class Members are all of OhioHealth's current and former non-exempt hourly employees who worked for OhioHealth, within Ohio, at any time from three years preceding the filing of this Complaint to the present.**

    **Numerosity (Rule 23(a)(1)).**

58. The Class Members are so numerous that joinder of all members is impracticable. Plaintiff on information and belief alleges, that OhioHealth employed greater than one thousand people who satisfy the definition of the Class Members.

    a. **Existence of Common Questions of Law and Fact (Rule 23(a)(2)).**

59. Common questions of law and fact exist as to the Plaintiff and the

9

Class Members including, but not limited to, the following:

    a. Whether OhioHealth unlawfully failed to pay the Class Members all minimum and overtime wages, in violation of the Ohio Minimum Fair Wage Standards Act ("OMFWSA");

    b. Whether OhioHealth unlawfully failed to keep and maintain accurate and true records of the hours worked by the Class Members as required by applicable law; and

    c. The damages sustained and the proper measure of restitution recoverable by members of the Class Members.

### b. Typicality (Rule 23(a)(3)).

60. Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like the Class Members, was subjected to Ohio Health's illegal scheme to maximize profits by depriving their employees of minimum wage and overtime compensation.

### c. Adequacy (Rule 23(a)(4)).

61. Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

### d. Injunctive and Declaratory Relief (Rule 23(b)(2)).

62. Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because OhioHealth acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

### e. Predominance and Superiority of Class Action (Rule 23(b)(3)).

63. Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3)

10

because questions of law and fact common to the Class Members predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. OhioHealth's common and uniform policies and practices illegally deprived Plaintiff and all similarly situated employees of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about OhioHealth's practices.

64. Plaintiff intends to send notice to all Class Members to the extent required by Rule 23.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY FOR ALL HOURS WORKED
**(on behalf of Plaintiff and the Collective Members)**

65. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

66. OhioHealth has a consistent enterprise-wide policy of requiring Plaintiff and the Collective Members to perform work while off the clock and failing and/or refusing to compensate Plaintiff the Collective Members at one and one-half times their regular hourly rate for all the time they worked in excess of forty (40) hours.

67. At all relevant times, Plaintiff and the Collective Members were subject to OhioHealth's enterprise-wide Break and Meal Policy. *See* Exhibit "B" attached hereto.

68. Pursuant to OhioHealth's enterprise-wide Break and Meal Policy, OhioHealth automatically deducts a thirty-minute meal break for each and every shift worked by Plaintiff and the Collective Members of six-hours or more.

69. OhioHealth made this automatic 30-minute deduction from Plaintiff's and the Collective Members' pay regardless of whether they were actually permitted to take a meal break, regardless of whether they were permitted to take a full thirty-minute meal break, and regardless of whether they were completely relieved from duty for thirty-minutes.

70. The job demands of Plaintiff and the Collective Members routinely foreclosed their ability to take any meal break, prohibited them from taking a full thirty-minute meal break, or prohibited them being completely relieved from duty for thirty-minutes.

71. Nevertheless, OhioHealth automatically deducted thirty minutes from every shift of six hours or more worked by Plaintiff and the Collective Members thereby denying them lawful minimum and overtime wages.

72. Upon information and belief, prior to December 11, 2021, OhioHealth utilized a cloud-based software platform branded "Kronos" for OhioHealth's timekeeping and payroll functions.

73. On or around December 11, 2021, Kronos was "hacked" resulting in an indefinite suspension of timekeeping and payroll functions on behalf of its clients, including Marriot. *See* https://www.npr.org/2022/01/15/1072846933/kronos-hack-lawsuits (last visited Nov. 9, 2022).

74. Following the Kronos data breach, OhioHealth switched to alternative methods of keeping time records and making payroll including traditional paper time sheets.

75. OhioHealth's alternative timekeeping and payroll efforts were ultimately deficient, resulting in Plaintiff and the Collective Members not being paid whatsoever for hours worked in

violation of the minimum wage requirements of 29 U.S.C § 206 and not being paid one- and one-half times their regular rate of pay in violation of the overtime requirements of 29 U.S.C. § 207.

76. Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

77. OhioHealth knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA, and OhioHealth was aware of the FLSA's minimum wage and overtime requirements. As such, OhioHealth's conduct constitutes a willful violation of the FLSA.

78. As a result of OhioHealth's failure or refusal to pay Plaintiff and the Collective Members for all hours worked, and OhioHealth's failure or refusal to pay Plaintiff and the Collective Members one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek, OhioHealth violated 29 U.S.C. §§ 206 and 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**COUNT TWO: OHIO MINIMUM FAIR WAGE STANDARDS ACT**
**FAILURE TO PAY FOR ALL HOURS WORKED**
(on behalf of Plaintiff and the Class Members)

79. Plaintiff and the Class Members reallege and incorporate by reference all

allegations in all preceding paragraphs.

80. "FLSA and Ohio Minimum Fair Wage Standards Act claims are subject to [the] same standards." *Craig v. Landry's, Inc.*, No. 1:16-CV-277, 2016 WL 3406032, at *3 (S.D. Ohio June 21, 2016) (citing *Haight*; *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp.2d 725, 732 (S.D. Ohio 2006); *Pritchard v. Dent Wizard Int'l. Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002)).

81. OhioHealth has a consistent enterprise-wide policy of requiring Plaintiff and the Class Members to perform work while off the clock and failing and/or refusing to compensate Plaintiff the Class Members at one and one-half times their regular hourly rate for all the time they worked in excess of forty (40) hours.

82. At all relevant times and the Class Members were subject to OhioHealth's enterprise-wide Break and Meal Policy. *See* Exhibit "B" attached hereto.

83. Pursuant to OhioHealth's enterprise-wide Break and Meal Policy, OhioHealth automatically deducts a thirty-minute meal break for each and every shift worked by Plaintiff and the Class Members of six-hours or more.

84. OhioHealth made this automatic 30-minute deduction from Plaintiff's and the Class Members' pay regardless of whether they actually permitted to take a meal break, regardless of whether they were permitted to take a full thirty-minute meal break, and regardless of whether they were completely relieved from duty for thirty-minutes.

85. The job demands of Plaintiff and the Class Members routinely foreclosed their ability to take any meal break, prohibited them from taking a full thirty-minute meal break, or prohibited them being completely relieved from duty for thirty-minutes.

86. Nevertheless, OhioHealth automatically deducted thirty minutes from every shift of six hours or more worked by Plaintiff and the Class Members, thereby denying them lawful minimum and overtime wages.

87. Upon information and belief, prior to December 11, 2021, OhioHealth utilized a cloud-based software platform branded "Kronos" for OhioHealth's timekeeping and payroll functions.

88. On or around December 11, 2021, Kronos was "hacked" resulting in an indefinite suspension of timekeeping and payroll functions on behalf of its clients, including Marriot. *See* https://www.npr.org/2022/01/15/1072846933/kronos-hack-lawsuits (last visited Nov. 9, 2022).

89. Following the Kronos data breach, OhioHealth switched to alternative methods of keeping time records and making payroll including traditional paper time sheets.

90. OhioHealth's alternative timekeeping and payroll efforts were ultimately deficient, resulting in Plaintiff and the Class Members not being paid whatsoever for hours worked in violation of the minimum wage and overtime requirements of the OMFWSA.

91. Although at this stage, Plaintiff and the Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

92. As a result of OhioHealth's failure or refusal to pay Plaintiff and the Class Members all minimum wages and overtime due under Ohio law, Plaintiff and the Class Members are entitled to compensation for all such unpaid wages, to be proven at trial, plus treble damages and interest, reasonable attorney's fees, and costs.

**COUNT THREE: FAIR LABOR STANDARDS ACT
FAILURE TO INCLUDE BONUS PAY IN OVERTIME RATE**
**(on behalf of Plaintiff and the Collective Members)**

93. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

94. Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their **regular rate of pay** for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215.

95. At all relevant times, OhioHealth paid Plaintiff and the Collective Members different categories of non-discretionary bonuses, including but not limited to, the Biometric Screening Incentive, the Living Ohio Healthy Incentive, the Tobacco Free Incentive, the Inspire Award, the Staff Bonus, the Associate Recognition Bonus, and other non-discretionary bonuses.

96. However, OhioHealth does not include these non-discretionary bonus payments in Plaintiff's and the Collective Members' regular rates of pay for the purpose of computing the overtime rate paid. As a result, OhioHealth has violated to overtime provisions of the FLSA.

97. Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

98. OhioHealth knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA, and OhioHealth was aware of the FLSA's minimum wage

and overtime requirements. As such, OhioHealth's conduct constitutes a willful violation of the FLSA.

99. As a result of OhioHealth's failure or refusal to pay Plaintiff and the Collective Members one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek, OhioHealth violated 29 U.S.C. § 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

### COUNT FOUR: OHIO MINIMUM FAIR WAGE STANDARDS ACT FAILURE TO INCLUDE BONUS PAY IN OVERIME
(on behalf of Plaintiff and the Class Members)

100. Plaintiff and the Class Members reallege and incorporates by reference all allegations in all preceding paragraphs.

101. "FLSA and Ohio Minimum Fair Wage Standards Act claims are subject to [the] same standards." *Craig v. Landry's, Inc.*, No. 1:16-CV-277, 2016 WL 3406032, at *3 (S.D. Ohio June 21, 2016) (citing *Haight*; *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp.2d 725, 732 (S.D. Ohio 2006); *Pritchard v. Dent Wizard Int'l. Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002)). Under the OMFWSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their **regular rate of pay** for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments.

102. At all relevant times, OhioHealth paid Plaintiff and the Class Members different categories of non-discretionary bonuses, including but not limited to, the Biometric Screening Incentive, the Living Ohio Healthy Incentive, the Tobacco Free Incentive, the Inspire Award, the Staff Bonus, the Associate Recognition Bonus, and other non-discretionary bonuses.

103. However, OhioHealth does not include these non-discretionary bonus payments in Plaintiff's and the Class Members' regular rates of pay for the purpose of computing the overtime rate paid. As a result, OhioHealth has violated to overtime provisions of the OMFWSA.

104. Although at this stage, Plaintiff and the Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Class Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

105. As a result of OhioHealth's failure or refusal to pay Plaintiff and the Class Members all overtime due under Ohio law, Plaintiff and the Class Members are entitled to compensation for all such unpaid wages, to be proven at trial, plus treble damages and interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff, Shelia Hine, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's, the Collective Members' and the Class Members' favor, and against OhioHealth Corporation:

    A.    For the Court to declare and find OhioHealth committed one or more of the following acts:

        i.    violated the minimum wage and overtime provisions of the FLSA;

        ii.    willfully violated the minimum wage and overtime provisions of the FLSA;

        iii.    violated the minimum wage and overtime provisions of the OMFWSA; and

      iv.    willfully violated the minimum wage and overtime provisions of the OMFWSA.

B.    For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiff, the Collective Members and the Class Members;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.    For the Court to award all treble damages, interest attorney fees and costs owed to Plaintiff and the Class Members under the OMFWSA;

F.    For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

G.    For the Court to provide a reasonable incentive award for Plaintiff to compensate her for the time he spent attempting to recover wages for the Collective Members and for the risks he took in doing so; and

H.    Such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, the Collective Members and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED: November 10, 2022

Respectfully submitted,

By: /s/ *James L. Simon*
James L. Simon (OH#0089483)
SIMON LAW CO.
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 816-8696
Email: james@simonsayspay.com


s/ *Michael L. Fradin*
Michael L. Fradin, Esq. (OH#0091739)
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com